**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

**CHRISTOPHER ZIESKE**

**VS.**                                                    **C.A. No.: _____**

**HYSTER-YALE MATERIALS**
**HANDLING, INC. AND HYG**
**FINANCIAL SERVICES, INC. D/B/A**
**NMHG FINANCIAL SERVICES, INC.**

## PLAINTIFF CHRISTOPHER ZIESKE'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, Plaintiff, Christopher Zieske, and files this Complaint, seeking compensatory damages from Defendants Hyster-Yale Materials Handling, Inc. and NMHG Financial Services, Inc.

### I.

### PARTIES

1.  Plaintiff Christopher Zieske is a citizen of the State of Texas.

2.  Defendant Hyster-Yale Materials Handling, Inc. is a Delaware corporation with its principal place of business in Ohio. Hyster-Yale Materials Handling, Inc. can be served through its registered agent for service of process, CSC-Lawyers Incorporating Service Company at 221 Bolivar Street, Jefferson City, MO 65101.

3.  Defendant HYG Financial Services, Inc. d/b/a NMHG Financial Services, Inc. is a Delaware corporation and can be served through its registered agent for service of process in Texas, Corporation Service Company d/b/a CSC-Lawyers, Inc. at 211 E. 7th Street, Ste 620, Austin, TX 78701.

### II.

### JURISDICTION AND VENUE

4.  This Court has diversity jurisdiction because the matter in controversy exceeds $75,000.00 and the case is between citizens of different states. 28 U.S.C. § 1332.

5.      Venue is proper in the Southern District of Texas because a substantial part of the events and omissions giving rise to the claim occurred in the District.  28 U.S.C. § 1391(b)(2).  This case arises out of a June 24, 2017 incident that occurred in Hidalgo County, Texas.

6.      Defendants are subject to both specific and general personal jurisdiction in Texas.

7.      Defendant Hyster-Yale Materials Handling, Inc. designed and manufactured thousands of stand-up forklifts which are shipped to Texas.

8.      Defendant HYG Financial Services, Inc. d/b/a NMHG Financial Services, Inc. leased the subject stand-up forklift to Emerson Electric Co. d/b/a Emerson Tool Company, a company using the forklift in Texas.  Defendant HYG Financial Services, Inc. d/b/a NMHG Financial Services, Inc. places stand-up forklifts into the stream of commerce in Texas.

9.      At all times relevant to this lawsuit, Defendants were further marketing, promoting, advertising, leasing and selling forklifts in Texas.

## III.

## FACTS

10.     Defendant Hyster-Yale Materials Handling, Inc. designed, tested, manufactured, and put into the stream of commerce Yale Lift Truck Model NR035DANM24TE107; Serial No. A295N0545K ("Yale Stand-Up Forklift").

11.     The Yale Stand-up Forklift was defective in its design.  The occupant compartment/cabin area of the stand-up forklift did not protect occupants. It failed to maintain the occupant's lower extremities inside the forklift during its use in foreseeable events, such as loss of control or other events that may cause the operator's lower extremities to move outside the cabin area.

12.     Defendant chose not to offer any occupant restraint system or occupant compartment enclosure for its Yale Stand-Up Forklift, even though safer-alternative designs existed.

13.     Safer-alternative designs such as enclosed occupant compartments and/or occupant restraint systems were economically and technologically feasible.

14.     Defendant failed to warn its consumers and end-users that the Yale Stand-Up Forklift's lack

of these features was dangerous and defective.

15.     Defendant HYG Financial Services, Inc. d/b/a NMHG Financial Services, Inc. leased the Yale Stand-Up Forklift to Emerson Electric Co. d/b/a Emerson Tool Company in approximately 2014.

16.     Defendant HYG Financial Services, Inc. d/b/a NMHG Financial Services, Inc. failed to warn Emerson Electric Co. d/b/a Emerson Tool Company that the Yale Stand-Up Forklift was defective.

17.     On or about June 24, 2017, Christopher Zieske was operating the Yale Stand-Up Forklift while working for Emerson Electric Co. d/b/a Emerson Tool Company at a warehouse in Pharr, Texas.

18.     Christopher Zieske was maneuvering the Yale Stand-Up Forklift down an aisle in the warehouse. Mr. Zieske lost his balance and his left leg came outside of the forklift. Due to the momentum of the forklift, his left leg and foot was crushed between the forklift and a pallet rack support column in the warehouse.

19.     As a result of the defects in the design of the Yale Stand-Up Forklift, Mr. Zieske suffered a left leg, below-knee amputation.

**IV.**

**CAUSES OF ACTION**

STRICT PRODUCT LIABILITY.

20.     Plaintiff hereby incorporates sections 10-19 as if fully set out herein.

21.     The Yale Lift Truck Model NR035DANM24TE107 was defective in its design and marketing.

22.     The design of the occupant restraint system and/or occupant compartment was defective in that it failed to protect occupants and maintain their lower extremities within the cabin while it was in operation.

23.     Specifically, the forklift lacked a protective gate, door, or other containment device or other measure to keep the operator's lower extremities inside the cabin during foreseeable events,

such as loss of control.

24.    Safer alternative designs existed that were economically and technologically feasible, and that would have prevented Plaintiff's injuries.

25.    Defendants failed to adequately warn consumers and end-users, such as Plaintiff, of the foreseeable dangers from ordinary use of this Yale Stand-up Forklift.

26.    Specifically, Defendants failed to adequately warn consumers and end-users:

    a.    They could suffer a lower extremity injury or amputation if the user's extremity were to get outside the cabin;

    b.    Of the significant numbers of severe lower extremity injuries resulting from the foreseeable use of the product, of which Defendant had actual knowledge through consumer complaints and publicly-filed lawsuits;

    c.    Of the unreasonable risk of suffering a lower extremity injury or amputation due to the absence of an occupant enclosure or restraint system; and

    d.    That safer alternative designs existed that would lessen or eliminate the unreasonable risk of danger.

27.    Plaintiff contends that there are no mandatory safety standards adopted or promulgated by the federal government that were applicable to the product at the time of manufacture and that governed the product risk that caused harm to Plaintiff.  However, to the extent that Defendants claim that the product complied with any mandatory safety standards or regulations adopted or promulgated by the federal government, such standards are inadequate to protect the public from unreasonable risks or injury or damage, and Defendants, before and after marketing the product, withheld or misrepresented information or material relevant to the federal government's or agency's determination of adequacy of safety standards or regulations at issue in the action.

28.    These design defects were producing and proximate causes of Plaintiff's injuries and damages.

NEGLIGENCE.

29. Plaintiff hereby incorporates sections 10-28 as if fully set out herein.

30. Defendant Hyster-Yale Materials Handling, Inc. was negligent in the design of the Yale Lift Truck Model NR035DANM24TE107.

31. Defendant's negligent acts included failure to provide an occupant restraint system and/or occupant compartment that would protect occupants and their lower extremities from falling out of the forklift while it was in operation.

32. Defendants' negligent acts further include a failure to adequately warn of the risks inherent in use of the product. Specifically, Defendants failed to warn that the Yale Stand-up Forklift's lack of these features was dangerous and defective.

33. The type and nature of Plaintiff's injury was reasonably foreseeable to Defendants due to this negligent design.

34. Furthermore, the type and nature of these injuries were reasonably foreseeable to Defendants due to Defendants' actual and/or constructive knowledge of other similar incidents, through publicly filed lawsuits and consumer complaints.

35. This negligence was a proximate cause of Plaintiff's injuries and damages.

## V.

## DAMAGES

36. As a direct and proximate result of Defendants' negligence and the Yale Stand-up Forkliftt's defects, Plaintiff sustained severe injuries, including a left leg, below-knee amputation. Plaintiff seeks to recover the following elements of damages:

   a. Medical care, past and future;

   b. Pain and suffering, past and future;

   c. Mental anguish, past and future;

   d. Lost wages and earning capacity, past and future;

   e. Physical impairment, past and future; and

   f. Disfigurement, past and future.

37.    These damages exceed the Court's jurisdictional minimum. Plaintiff also seeks prejudgment interest, postjudgment interest, and court costs.

## VI.

## DEMAND FOR JURY

38.    Plaintiff hereby demands a trial by jury.

## VII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation issue for Defendants, and upon trial on the merits that this Court enter judgment against Defendants for compensatory damages, prejudgment interest, postjudgment interest, and court costs.

Respectfully submitted,

/s/ Malorie Peacock
Malorie Peacock
Attorney-In-Charge
Texas Bar No. 24077293
S.D. Tex. ID No. 2118739
6243 IH-10 West, Suite 801
San Antonio, Texas 78201
Telephone:  (210) 941-1301
Facsimile:  (956) 504-3674
E-Mail: malorie@cowenlaw.com

OF COUNSEL:

COWEN | RODRIGUEZ | PEACOCK
6243 IH-10 West, Suite 801
San Antonio, Texas 78201
Telephone:  (210) 941-1301
Facsimile:  (956) 504-3674
E-Mail for Service:  efilings@cowenlaw.com